Citation Nr: 1111570 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-17 812 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to an initial compensable rating for erectile dysfunction.


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


ATTORNEY FOR THE BOARD

C. J. Houbeck, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1966 to August 1968.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri, which granted service connection for erectile dysfunction, assigning a noncompensable rating.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran claims that he is entitled to a compensable rating for his service-connected erectile dysfunction. Based on a complete review of the record, the Board concludes that additional development is necessary prior to adjudication of the Veteran's claim.

Diagnostic Code 7522 provides for a single 20 percent rating where the evidence shows deformity of the penis with loss of erectile power. 38 C.F.R. § 4.115b, Diagnostic Code 7522 (2010). Dorland's Medical Dictionary defines deformity as "distortion of any part or general disfigurement of the body; malformation." Dorland's Illustrated Medical Dictionary 481 (30th ed. 2003). Thus, deformity refers to a malformation of the structure of the penis, while the loss of erectile power addresses internal problems with functionality.

Initially, the Board notes the Veteran submitted a May 2009 letter from his private physician, Dr. P.D. Nayak, that the Veteran claims establishes that he has a deformity of the penis. However, the letter states, "there could be some penile deformity from shortening of the urethra which happens because when the prostate is removed the urethra is pulled up and definite shortening of the penis is reported after radical prostatectomy." 

The Veteran was afforded a VA examination in April 2008. The examination report notes that there were no gross deformities noted on examination. However, in his May 2009 substantive appeal the Veteran stated that he could not recall removing his pants during the examination and, therefore, a physical examination of the genitalia could not have occurred and the examination was inadequate. Given the Veteran's statements, the Board concludes that an additional examination should be provided to determine whether the Veteran has a deformity of the penis as contemplated by Diagnostic Code 7522.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate examination for his service-connected erectile dysfunction. The entire claims file must be made available to the examiner for review in conjunction with the examination and should be so documented in the examination report. Following a complete physical examination of the penis, obtaining a complete history from the Veteran, and performing any diagnostic studies deemed necessary, the examiner is requested to discuss whether the Veteran has a deformity of the penis attributable to his service-connected post radical prostatectomy. In that regard, the examiner is requested to consider, and to discuss as appropriate, the May 2009 letter from Dr. P.D. Nayak. A complete rationale for any opinion given should be provided.

2. Then readjudicate the Veteran's claim. If a full grant of the benefits requested is not afforded, issue a supplemental statement of the case (SSOC) to the Veteran and his representative, and they should be given an opportunity to respond, before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).